**STATE of Minnesota, Appellant,**

v.

**James Field WALKER, Jr., Respondent.**

**No. C2–86–1017.**

Court of Appeals of Minnesota.

Sept. 16, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Steven H. Alpert, Rice Co. Atty., Faribault, for appellant.

Thomas M. Neuville, Grundhoefer & Neuville, Northfield, for respondent.

Heard, considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

James Walker was arrested for driving while under the influence. While the police were making the arrest, a scuffle occurred during which Walker discharged several shots from the arresting officer's gun. No one was injured by the gunfire. A jury trial was held and Walker was found guilty of second-degree assault. The trial court departed dispositionally from the sentencing guidelines and filed a departure report reasoning that Walker's medical history warranted the departure. The State appeals. We order the sentence vacated and remand.

## FACTS

In a scuffle during his arrest for DWI, respondent James Walker grabbed the arresting police officer's gun and fired several shots. No one was injured by the gunfire. Two additional officers arrived at the scene and restrained Walker. He was taken to the police station.

Walker was charged with (1) two counts of attempted first-degree assault in violation of Minn.Stat. §§ 609.221, 609.11, subd. 5, and 609.17 (1984); (2) two counts of second-degree assault in violation of Minn. Stat. §§ 609.222 and 609.17 (1984); and (3) one count of fourth-degree assault in violation of Minn.Stat. § 609.2231 (1984) (for injuries incurred by the arresting officer prior to the gunfire incident).

An omnibus hearing was held, and the two counts of attempted first-degree assault were dismissed because the evidence on the record was insufficient to show Walker's intent to injure the officers. A jury trial followed, and Walker was found guilty of second-degree assault as it related to Officer McLoud, the arresting officer. Walker was found not guilty of fourth-degree assault upon Officer McLoud and not guilty of second-degree assault upon Deputy Reuvers.

Walker filed a motion for a sentencing hearing, requesting the court to depart dispositionally from the guidelines, and moved for a stay of execution of the presumed mandatory minimum sentence of 36 months. These motions were based on Walker's psychiatric history, which allegedly included a diagnosis of manic depression.

The State moved to gain access to Walker's medical records. The court then entered a presentencing order, essentially granting the State's motion. The State again requested to examine the medical records, and Walker replied with an amended motion for a sentencing hearing. Walker refused to disclose the medical records as requested by the State.

A sentencing hearing was held, and Walker was sentenced to 36 months in the custody of the commissioner of corrections; the court departed dispositionally by staying the execution of the sentence and placing Walker on probation for five years. The court set forth its reasons for departing in a departure report. Walker was further ordered to spend one year in the Rice County jail, the last six months to be served under the work release provision, and also to take any prescribed medications. Walker was required to reimburse the county for his public defender attorney's fees.

Walker later moved to modify his sentence such that the remainder of his time would be served at Minnesota Security Hospital in St. Peter or that he be released from jail on the condition that he obtain the appropriate psychological counseling. He sought, in the alternative, that all psychiatric or psychological counseling costs be paid by the State while he was incarcerated.

The State again moved to require Walker to release his medical records and for resentencing. The court ordered that all medical records be released. The remaining motions were continued indefinitely.

Both parties entered into a stipulation agreeing to send Walker to the Minnesota Security Hospital for evaluation. A waiver of medical privilege was also agreed upon.

## ISSUE

Did the trial court abuse its discretion in sentencing respondent based on the record before it?

## DISCUSSION

In a February 28, 1986, presentencing order, the trial court ordered:

(1) That if defendant intends to present evidence at the sentencing hearing that his mental condition was or is a mitigating factor supporting dispositional departure from the sentencing guidelines, defendant shall make available to Rice County Attorney for inspection and photocopying any and all medical records concerning any mental condition he claims may be a mitigating factor

(2) That should Defendant refuse or elect not to make such medical records available, he shall be precluded from presenting medical evidence (records or expert testimony) concerning his mental condition as a mitigating factor at the sentencing hearing.

In March 1986 the trial court prepared a departure report stating reasons for the dispositional departure of the sentence. The report referred to the legislative intent of the mandatory minimum sentence, stating:

The rationale for mandatory minimum sentence when a firearm is possessed or used is to discourage persons from carrying or using firearms while committing offenses since that substantially increases the risk of death or injury to others.

The court concluded that, because Walker was not carrying a firearm, the mandatory minimum sentence need not be imposed. The sentencing court has cited no authority for the proposition that legislative intent would be adequate grounds for departure or for its view of the legislature's intent.

A further reason given for the departure was Walker's

> history of treatment for a mental disorder diagnosed as manic depression. He has taken Lithium for a number of years to level out his moods. Although the court does not believe that [Walker's] mental condition was such that would negate his ability to have the requisite specific intent required, the court does find that, because [o]f his mental impairment, [Walker] lacked substantial capacity for judgment to the extent that it contributed to his grabbing the officer's gun.

While this might well have constituted adequate grounds for a dispositional departure, we find insufficient evidence in the record by way of psychiatric or psychological evaluations or expert testimony to support it at the time issued. The only testimony that addressed Walker's psychiatric condition was that of his mother and girlfriend. The State had no opportunity to examine Walker's medical records or cross-examine medical witnesses prior to the sentencing order. The sentence must therefore be vacated.

Pursuant to a court order issued subsequent to sentencing, both parties entered into a stipulation releasing all relevant medical records and agreeing to have a medical examination at the Minnesota Security Hospital.

Although not part of the trial court record at the time of sentencing, there are medical and psychiatric reports in the District Court file which are supportive of a dispositional departure. In particular, the psychiatric evaluation by Richard G. Lunzer, M.D., and the report from the Minnesota Security Hospital are seemingly pertinent.

Walker's motion to this court to strike evidence and exhibits developed subsequent to sentencing is granted. His motion to consider the court's pretrial order the law of the case is denied. It is this court's intention to avoid circumscribing the discretion of the sentencing court to consider information gathered subsequent to sentencing upon remand for resentencing.

## DECISION

The sentence is ordered vacated and the case remanded with instructions to the sentencing court to take into consideration the medical and psychiatric reports and any other pertinent information that has been developed since the original sentencing order.

Sentence vacated and case remanded for resentencing.